UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO GIL | CIVIL ACTION NO.: 6:24-cv-00201 |
| VERSUS | JUDGE SUMMERHAYS |
| ABC INSURANCE COMPANY, ENI US OPERATING CO. INC., AND SAIPEM AMERICA, INC. | MAGISTRATE JUDGE AYO |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**SAIPEM (PORTUGAL) COMERCIO MARITIMO, S.U., LDA**
**TO PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDING COMPLAINT**

NOW COMES Defendant, SAIPEM (PORTUGAL) COMERCIO MARITIMO, S.U., LDA ("SPCM"), to file its Answer and Affirmative Defenses to the Second Supplemental and Amending Complaint of Mario Gil (Rec. Doc. 32) (hereafter "Second Amended Complaint"), as follows:

**First Defense**

The Second Amended Complaint fails to state a claim or cause of action against the SPCM upon which relief may be granted.

**Second Defense**

AND NOW, answering the specific allegations of the Second Amended Complaint, SPCM avers as follows:

1.

The allegations of Paragraph 1.A. of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

2.

The allegations of Paragraph 1.B. of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

3.

The allegations of Paragraph 1.C. of the Second Amended Complaint are denied except to admit that SPCM owned the *SANTORINI* drillship.

4.

The allegations of Paragraph 2 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof, except to admit that SPCM owned the *SANTORINI* drillship.

5.

The allegations of Paragraph 3 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

6.

The allegations of Paragraph 4, including all subparts, of the Second Amended Complaint make no allegations against SPCM and, thus, no answer is required. To the extent an answer is required, SPCM denies those allegations for lack of sufficient information to justify a belief as the truth thereof.

7.

SPCM denies the allegations of Paragraph 5, including all subparts, of the Second Amended Complaint.

8.

To the extent the allegations in Paragraph 6 of the Second Amended Complaint are directed

against SPCM, those allegations are denied.

9.

The allegations of Paragraph 7 of the Second Amended Complaint are legal conclusions for which no answer is required. However, to the extent an answer is necessary, those allegations are denied.

10.

SPCM denies the allegations of any unnumbered or misnumbered paragraphs and deny any other allegations in the Second Amended Complaint not specifically addressed, including the prayer for relief, to the extent those allegations are directed against SPCM.

### Third Defense

Plaintiff's damages (if any) were caused solely by his own negligence or fault, and/or the negligence or fault of third persons, parties, contractors, or entities for whom SPCM is not legally responsible.

### Fourth Defense

Alternatively, SPCM affirmatively avers that in the event that it is found negligent or otherwise at fault in any way for Plaintiff's alleged injuries, which is expressly denied, then the other acts or omissions of Plaintiff or third persons, parties, contractors, or entities for whom SPCM is not legally responsible, were the sole intervening or superseding causes of Plaintiff's alleged incident and Plaintiff's alleged damages.

### Fifth Defense

The Plaintiff's alleged damages were the result of an unavoidable incident or other circumstances beyond SPCM's control.

**Sixth Defense**

SPCM pleads Act of God or *force majeure* as a complete defense to all claims and cause of action set forth asserted in the Second Amended Complaint.

**Seventh Defense**

SPCM avers that the alleged incident and injuries, if any, described in the Second Amended Complaint arose from the acts or omissions of independent contractors over whom SPCM exercised no operational control or supervision and for whose actions SPCM is not legally responsible.

**Eighth Defense**

SPCM avers that Plaintiff has failed to mitigate his damages, and he is placed on the full proof of fairness and reasonableness of the steps, if any, taken to minimize said injuries and damages, if any.

**Ninth Defense**

SPCM reserves the right to assert additional affirmative defenses as those defenses become known through the course of discovery and further reserves the right to adopt the affirmative defenses raised by all other defendants.

**WHEREFORE**, Defendant, SAIPEM (PORTUGAL) COMERCIO MARITIMO, S.U., LDA, prays that this Answer be deemed good and sufficient and, after due proceedings, the Plaintiff's claims against SPCM be dismissed, with prejudice, at his costs and for all other legal, equitable and other relief to which SPCM is entitled.

        Respectfully submitted,

        */s/ Alexander J. Baynham*
        Thomas P. Diaz (Bar #18863)
        Alexander J. Baynham (Bar #36369)
        **LISKOW & LEWIS**
        Hancock Whitney Center, Suite 5000
        701 Poydras Street
        New Orleans, Louisiana 70139
        Telephone:  504-581-7979
        Facsimile:  504-556-4108
        Email: tpdiaz@liskow.com
        Email: ajbaynham@liskow.com

        and

        **MURPHY, ROGERS, SLOSS, GAMBEL & TOMPKINS**

        */s/ Peter B. Tompkins*
        Peter B. Tompkins (#17832)
        ptompkins@mrsnola.com
        Timothy D. DePaula (#31699)
        tdepaula@mrsnola.com
        Suite 400, Hancock Whitney Center
        701 Poydras Street
        New Orleans, Louisiana 70139
        Telephone: (504) 523-0400
        Facsimile: (504) 523-5574

        ***Attorneys for Saipem (Portugal) Comercio Maritimo, SU, LDA***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 31, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participants. I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile to non-CM/ECF participants.

                                          */s/ Alexander J. Baynham*