UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARIO GIL | CIVIL ACTION NO.: 6:24-cv-00201 |
| VERSUS | JUDGE SUMMERHAYS |
| ABC INSURANCE COMPANY, ENI US OPERATING CO., INC., and SAIPEM AMERICA, INC. | MAGISTRATE JUDGE AYO |

**MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56) ON ALL CLAIMS FILED AGAINST ENI US OPERATING CO., INC.**

**NOW INTO COURT**, through undersigned counsel, comes Defendant ENI US Operating Co., Inc. ("ENI US"), who respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment dismissing all claims asserted against it by Plaintiff, Mario Gil for the reasons set forth more fully in the accompanying Memorandum in Support.

There are no genuine issues of material fact in dispute, and ENI US is entitled to judgment as a matter of law. The undisputed summary judgment record establishes that Plaintiff was employed by an independent contractor (Advanced Tool & Supply, LLC, "ATS"), working as a subcontractor through Halliburton Energy Services, Inc. ("Halliburton"), another ENI US independent contractor; and allegedly sustained an unwitnessed injury aboard the drillship SANTORINI ("Vessel") owned and operated by another ENI US independent contractor Saipem (Portugal) Comercio Marítimo, SU, LDA ("Saipem"). The relevant governing contractual terms, and the testimony of both Plaintiff and the Master of the SANTORINI, confirm that ENI US neither directed nor controlled the work/operation at issue, nor did it exercise control over the vessel or the area where the incident allegedly occurred.

Under controlling Fifth Circuit maritime law, ENI US cannot be held liable as a matter of law on three independent and dispositive grounds. First, ENI US owed no duty and bears no

#111570798v3

liability under well-settled maritime independent-contractor principles because it did not retain or exercise operational control over Plaintiff's work or the allegedly hazardous condition/area of the Vessel. Second, as a time charterer, ENI US cannot be liable for alleged vessel conditions or shipboard operations that remained exclusively within the control and responsibility of Saipem as the Vessel owner and operator, and outside the purview of ENI US as time charterer under the terms of the charter. Plaintiff's claims are therefore foreclosed under the narrow vessel-negligence framework of 33 U.S.C. § 905(b)[1] and the three limited duties recognized in *Scindia Steam Nav. Co., Ltd. v. De Los Santos* and its progeny. Third, there is no evidence that any of the three *Scindia* duties – which are *even narrower* for claims against a time charterer - were violated by ENI US.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum in Support and Exhibits 1-6 attached thereto, all of which is incorporated herein by reference, Defendant ENI US Operating Co., Inc. respectfully prays that this Honorable Court grant its Motion for Summary Judgment, dismiss all claims asserted against ENI US with prejudice and at Plaintiff's cost, and grant ENI US all general and equitable relief to which it is entitled.

RESPECTFULLY SUBMITTED,

*/s/ Christopher M. Hannan*
CHRISTOPHER M. HANNAN (#31765)
STEPHEN B. REYNOLDS, JR. (#41384)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170
Telephone:  (504) 582-8353
Facsimile:   (504) 589-8353
Email: channan@joneswalker.com
        sreynolds@joneswalker.com

***Counsel for Defendant ENI US Operating Co. Inc***

---

[1]  Plaintiff's sole and exclusive basis for any claim against ENI US is limited to a vessel negligence claim under 33 U.S.C. §905(b). *See* Defendants' previously filed Joint Motion by for Partial Summary Judgment on Seaman Status and for Dismissal of Any Claims Arising Under the Jones Act, General Maritime Law, and State Law (R. Doc. 51), establishing Plaintiff is not a seaman and restricting claims against ENI US/Saipem *solely* to vessel negligence under §905(b)/*Scindia*.

-2-

#111570798v3